In re Petition for DISCIPLINARY AC-
TION AGAINST Gary K. WOOD, a
Minnesota Attorney, Registration No.
118722.

No. A07–213.

Supreme Court of Minnesota.

Feb. 27, 2008.

## ORDER

On July 13, 2006, respondent Gary K.
Wood was indefinitely suspended from the
practice of law for a minimum period of six
months. *In re Wood*, 716 N.W.2d 341, 348
(Minn.2006). Respondent has not sought
reinstatement. On January 29, 2007, the
Director of the Office of Lawyers Profes-
sional Responsibility filed a petition for
disciplinary action alleging that respondent
committed professional misconduct war-
ranting public discipline, namely, that he
misappropriated client funds, made mis-
representations to conceal that misappro-
priation, handled and converted client
funds while suspended from the practice of
law, abandoned a client matter, failed to
deposit an advance fee payment retainer
into a trust account, failed to notify a client
of his July 13, 2006, suspension from the
practice of law, made false statements to
the Director claiming to have notified all
clients of his suspension, and failed to co-
operate with the Director's investigation
into his misconduct. The petition alleges
that respondent's conduct violated Rules
1.3, 1.4, 1.15(c)(5), 3.4(c), 4.1, 8.1(a), 8.1(b)
8.4(c), and 8.4(d) of the Minnesota Rules of
Professional Conduct, as well as Rule 25 of
the Rules on Lawyers Professional Re-
sponsibility (RLPR).

Respondent admitted the allegations of
the petition, waived his procedural rights
under Rule 14, RLPR, and entered into a
stipulation with the Director in which they
jointly recommended that the appropriate

discipline was indefinite suspension pursuant to Rule 15, RLPR, with no right to petition for reinstatement for at least five years, reinstatement further conditioned upon respondent's compliance with certain conditions.

Following submission of the stipulation, this court ordered the parties to submit briefs on the issue of whether disbarment would be appropriate in light of the professional misconduct to which respondent admitted and the absence of mitigating factors. The Director subsequently explained that the recommended discipline was agreed to because of (1) litigation concerns involving problems of proof; (2) respondent's partial restitution to his clients and promise to make restitution of any remaining unpaid amount; and (3) respondent's history of depression and anxiety. In light of the unique circumstances of this case, we approve, as modified, the jointly recommended disposition.

Based on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Gary K. Wood's indefinite suspension from the practice of law is continued with no right to petition for reinstatement for a period of five years from the date of entry of this order. The reinstatement hearing provided for in Rule 18, RLPR, is not waived. Reinstatement is conditioned upon respondent's: (1) compliance with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals); (2) successful completion of the professional responsibility examination pursuant to Rule 18(e), RLPR; and (3) satisfaction of continuing legal education requirements pursuant to Rule 18(e), RLPR.

IT IS FURTHER ORDERED that respondent shall pay costs in the amount of $900; disbursements in the amount of $1,308.18 pursuant to Rule 24(d), RLPR; and, within 90 days of entry of this order, restitution to David Wilson in the amount of $1,140.

DIETZEN, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

BY THE COURT
/s/Alan C. Page
Associate Justice